**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ST. AUGUSTINE – ST. JOHNS
COUNTY AIRPORT AUTHORITY,

        Plaintiff,

v.                                  Case No.  3:19-cv-573-J-34PDB

BOOMERANG, LLC,

        Defendant.

## ORDER

**THIS CAUSE** is before the Court on the Report and Recommendation (Dkt. No. 37; Report) entered by the Honorable Patricia D. Barksdale, United States Magistrate Judge, on June 9, 2020. In the Report, the Magistrate Judge addresses three matters: 1) the Court's sua sponte inquiry regarding the existence of subject matter jurisdiction over this action (Dkt. No. 13); 2) Boomerang, LLC's Motion to Dismiss (Dkt. No. 6; Motion to Dismiss); and 3) Plaintiff, St. Augustine – St. Johns County Airport Authority's Motion Requesting a Ruling From the Court (Dkt. No. 33; Motion to Rule).[1]

After having reviewed briefing on all of the issues and conducted several hearings, the Magistrate Judge recommends that the Court grant the Motion to Rule but only to the extent that the Court determine that subject matter jurisdiction over this action is lacking. As such, she recommends that the Court remand this action to the state circuit court and

---

[1] Because the Court finds that the portions of the Report setting forth the factual and procedural history of the case and the arguments of the parties and relevant authority on the issue of subject matter jurisdiction are due to be adopted, the Court does not repeat them here.

decline to address the merits of the arguments in the Motion to Dismiss. See Report at 28, 36-37. In the alternative, if the Court finds that subject matter jurisdiction has been established, she recommends denying the Motion to Dismiss. See id. at 28-37. Neither party has filed any objections to the Report, and the time for doing so has passed.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at * 1 (M.D. Fla. May 14, 2007).

Upon independent review of the file and for the reasons stated in the Magistrate Judge's Report, the Court will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge in part. Specifically, the Court accepts and adopts the Magistrate Judge's discussion regarding subject matter jurisdiction and her recommendation that the Court grant the Motion to Rule to the extent that the Court find that subject matter jurisdiction is lacking over this action and that the action is due to be remanded to the state circuit court. See Report at 1-28, 36-37. Because the Court determines that it is without subject matter jurisdiction over this action, the Court expresses no view on and declines to address the merits of the arguments in the Motion to Dismiss. As such, the Court does not adopt the discussion of the remaining issues addressed in the Report. See Report at 28-36. Accordingly, it is hereby

**ORDERED:**

1. The portion of the Report and Recommendation (Dkt. No. 37, Pages 1-28 and 36-37) which recommends that the Court grant the Motion to Rule in part, find that the Court lacks subject matter jurisdiction over this case, and remand the action to the state circuit court is **ADOPTED** as the opinion of the Court.

2. Plaintiff, St. Augustine – St. Johns County Airport Authority's Motion Requesting a Ruling From the Court (Dkt. No. 33) is **GRANTED** to the extent that the Court determines it lacks subject matter jurisdiction over this action, and otherwise **DENIED**.

3. This case is **REMANDED** to the Circuit Court, Seventh Judicial Circuit, in and for St. Johns County, Florida.

4. The Clerk of the Court is **DIRECTED** to transmit a certified copy of this Order to the clerk of that court.

5. The Clerk of the Court is further directed to terminate any pending motions and close the file.[2]

**DONE AND ORDERED** in Jacksonville, Florida this 7th day of July, 2020.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

---

[2] The Court notes that although terminated for the purposes of this Court's docket, Boomerang, LLC's Motion to Dismiss should be considered to be pending review before the circuit court. Further, the Report's discussion of the merits of the issues addressed in the Motion to Dismiss has no binding effect. Rather, the issues raised in the Motion to Dismiss are to be resolved solely by the court with jurisdiction over this action, the Circuit Court for the Seventh Judicial Circuit in and for St. Johns County, Florida.

Copies to:

Counsel of Record

Clerk, Seventh Judicial Circuit